UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MASOUD HAIRANI,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>ANTONY J. BLINKEN, U.S. Secretary of State; U.S. DEPARTMENT OF STATE,<br><br>　　　　　　　　　　Defendants. | Case No.: 24-CV-614 JLS (MSB)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PURSUANT TO CIVIL LOCAL RULE 7.1(f)(3)(c)**<br><br>(ECF No. 8) |

Presently before the Court is Defendants Antony J. Blinken and U.S. Department of State's Motion to Dismiss Plaintiff's Complaint ("Mot.," ECF No. 8).[1,2] Plaintiff has not opposed the Motion despite the requirements of Civil Local Rule 7.1(e)(2). For the reasons that follow, the Court **GRANTS** Defendants' Motion pursuant to Civil Local Rule 7.1(f)(3)(c).

**BACKGROUND**

Plaintiff Masoud Hairani brought this action on April 1, 2024. He alleges his fiancé, Mansoureh Ashourion, an Iranian national, applied for a K-1 visa application on

---

[1] All citations to electronically filed documents refer to the blue pagination numbers assigned by the CM/ECF system.

[2] Defendants also sought to incorporate by reference a declaration attached to their Motion, *see* Mot. at 12, but that request is DENIED as MOOT given the Court's resolution of the Motion.

January 23, 2022, so she could join him in the United States "to commence their marital life and family planning."  Complaint ("Compl.") at 2, ECF No. 1.  Despite completing an interview at the United States Embassy in Abu Dhabi on September 28, 2023, Ashourion still awaits a final decision more than six months later.  *Id.*  Plaintiff alleges this delay is unreasonable and has caused him "undue hardship."  *Id.*  Plaintiff seeks injunctive relief ordering Defendants to process Ashourion's K-1 visa application within sixty days of this Court's order.  *Id.* at 3.

Defendants filed the instant Motion on August 23, 2024.  In the Motion, Defendants raise multiple grounds for dismissal, including failure to affirmatively state the Court's jurisdictional grounds in contravention of Federal Rule of Civil Procedure 8(a)(1), *see* Mot. at 12, and failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), *see* Mot. at 13.

The Motion was originally noticed for a hearing on September 26, 2024.  Accordingly, per Civil Local Rule 7.1(e)(2), Plaintiff was required to respond to the Motion on or before September 12, 2024.  He failed to do so.  *See* Docket.  Plaintiff's silence has since continued, though the Court noted his noncompliance when taking the Motion under submission.  *See* ECF No. 10.

## DISCUSSION

The Ninth Circuit has held that, pursuant to a local rule, a district court may properly grant a motion to dismiss for failure to respond to a motion.  *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) (affirming dismissal for failure to file timely opposition papers where plaintiff had notice of the motion and ample time to respond).  Here, a local rule authorizes the Court to grant the Motion.  Civil Local Rule 7.1(f)(3)(c) provides: "If an opposing party fails to file [an opposition] in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court."

In determining whether to dismiss an action on these grounds, the Court must weigh several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the

court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of [sic] their merits; and (5) the availability of less drastic sanctions." *Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). The first and fourth factors cut in opposite directions. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal."); *Hernandez v. City of El Monte*, 138 F.3d 393, 401 (9th Cir. 1998) (stating the fourth factor weighs against dismissal). The Court therefore considers the substance of factors two, three, and five.

Here, the second factor weighs in favor of dismissal. The Court must manage its docket to ensure the efficient provision of justice. Plaintiff had notice of the Motion yet failed to file a timely opposition. Further, Plaintiff has not provided any excuse for said failure. The Court cannot continue waiting for Plaintiff to take action, and a case cannot move forward when the plaintiff fails to defend his case. Plaintiff's noncompliance is not excusable merely because he has no legal representation. *See Jacobsen v. Filler*, 790 F.2d 1362, 1364–65 (holding that even a *pro se* litigant is not entitled to a warning of the consequences of failing to file an opposition).

The third factor, which considers the prejudice to a defendant resulting from a plaintiff's inaction, also favors dismissal. *See Malone v. U.S.P.S.*, 833 F.2d 128, 131 (9th Cir. 1987). Under this factor, "the risk of prejudice . . . is related to [Plaintiff's] reason for defaulting in failing to timely" file his opposition. *Yourish*, 191 F.3d at 991. Where, as here, a plaintiff fails to provide any excuse for his conduct or contact the Court regarding said failure, this factor weighs in favor of dismissal. *See, e.g.*, *Enders v. Countrywide Home Loans, Inc.*, No. C 09-3213SBA, 2009 WL 4018512, at *2 (N.D. Cal. Nov. 16, 2009).

As to the fifth factor, where the plaintiff does not oppose dismissal, it is "unnecessary for the Court to consider less drastic alternatives." *Rodriguez v. Nationstar Mortg. LLC*, No. 2:16–CV–5962–ODW(SK), 2016 WL 4581402, at *1 (C.D. Cal. Sept. 1, 2016). Still, the Court did employ the less drastic alternative of giving notice to the Parties that no

opposition had been filed. As noted above, the Court filed an Order vacating the hearing on the Motion and taking the matter under submission. *See* ECF No. 10. In that Order, the Court noted that no opposition had been filed, even though Civil Local Rule 7.1(e)(2) required Plaintiff to respond. *See id.* Still, Plaintiff remained silent. This factor therefore weighs in favor of dismissal as well.

## CONCLUSION

Finding that the *Ghazali* factors weigh in favor of granting the unopposed Motion, the Court **GRANTS** Defendants' Motion to Dismiss (ECF No. 8) pursuant to Civil Local Rule 7.1(f)(3)(c). Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint (ECF No. 1). Plaintiff **MAY FILE** an amended complaint curing the deficiencies identified in Defendants' Motion within fourteen (14) days of the date on which this Order is electronically docketed. Should Plaintiff fail to file an amended pleading in accordance with this Order, the Court will enter a final order dismissing this civil action based on Plaintiff's failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

Dated: September 26, 2024

Hon. Janis L. Sammartino
United States District Judge